# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SANDY DeJOIE, | : |
| | : |
| Plaintiff, | : |
| | : No. 5:13-cv-00437-MMB |
| v. | : |
| | : |
| SALLIE MAE, INC.; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

## AFFIDAVIT OF CARL O. CANNON

I, Carl O. Cannon, affiant herein, hereby swear and affirm:

1.      I am over 18 years of age, competent to testify, and the information provided in this Affidavit is based on my personal knowledge.  I make this Affidavit in support of the Motion of Defendant, Sallie Mae, Inc., to Compel Arbitration and Stay Proceedings.

2.      I am an employee of Defendant, Sallie Mae, Inc. ("Sallie Mae"), and my current position is Customer Advocate.  I am familiar with the recordkeeping and policies of Sallie Mae, and I make this Affidavit on the basis of my personal knowledge or upon my review of the records of Sallie Mae of which I am a joint custodian, which are maintained in the ordinary course of business, and if called to testify, I could and would competently swear to such facts.

3.      Sallie Mae is engaged in the business of servicing student loans, and in the course of servicing student loans, it may take actions to collect repayment of those loans.

4.      In the course of my duties with Sallie Mae, I am familiar with the account of Sandy DeJoie.

5.      On September 19, 2008, Sandy DeJoie, as the primary borrower, electronically signed a Signature Student Loan Application and Promissory Note ("Promissory Note 1").  A

true and correct, redacted copy of Promissory Note 1 is attached hereto as Exhibit A.  The

Signature student loan was disbursed on October 2, 2008, in the principal amount of $21,185.00.

6.     Promissory Note 1 contains an arbitration agreement, which provides in relevant

part:

> **RIGHT TO REJECT: I may reject this Arbitration Agreement
> by mailing a signed rejection notice to P.O. Box 147027
> Gainesville FL, 32608 within 60 days after the date of my first
> disbursement. Any Rejection Notice must include my name,
> address, telephone number and loan or account number.**

(Bold in original.)  (Exhibit A, Section T, ¶ 1.)

7.     Based on my review of Sallie Mae's business records with respect to Sandy

DeJoie's account, I have determined that no rejection notice was ever received from Sandy

DeJoie or anyone acting on her behalf with respect to the arbitration agreement contained within

Promissory Note 1.

8.     On July 13, 2009, Sandy DeJoie, as the primary borrower, electronically signed a

Smart Option Student Loan Application and Promissory Note ("Promissory Note 2").  A true and

correct, redacted copy of Promissory Note 2 is attached hereto as Exhibit B.  The Smart Option

student loan was disbursed on July 21, 2009, in the principal amount of $9,000.00.

9.     Promissory Note 2 contains an arbitration agreement, which provides in relevant

part:

> **RIGHT TO REJECT: I may reject this Arbitration Agreement
> by mailing a signed rejection notice to P.O. Box 9480 Wilkes-
> Barre, PA 18773-9480 within 60 days after the date of my first
> disbursement.  Any Rejection Notice must include my name,
> address, telephone number and loan or account number.**

(Bold in original.)  (Exhibit B, Section T, ¶ 1.)

10.     Based on my review of Sallie Mae's business records with respect to Sandy DeJoie's account, I have determined that no rejection notice was ever received from Sandy DeJoie or anyone acting on her behalf with respect to the arbitration agreement contained within Promissory Note 2.

I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Pennsylvania that the foregoing is true and correct.

Executed this _16th_ day of April, 2013, at Wilkes-Barre, Pennsylvania.

_Carl O. Cannon_
Carl O. Cannon

Sworn to and subscribed
before me this _16th_ day
of April, 2013.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JAMES M AUSTIN
Notary Public
HANOVER TWP., LUZERNE COUNTY
My Commission Expires Mar 31, 2017

3

# EXHIBIT A

# Signature Student Loan®

*Application and Promissory Note*

**SallieMae**
Education Trust

Customer ID Number

App Code 1XSP0801
Prom Note Code 3XSP0802

---

## Section A: Borrower Information   Please read instructions before completing this section.

| XS | 9009050000 |

Social Security Number | Last Name and Suffix **DEJOIE** | First Name **SANDY** | MI
Permanent Address (Street Address Only - No P.O. Boxes Allowed) | City | Stat | ZIP Code
Length of Time at Permanent Address Years 0 Months 6 | Permanent Phone Numbe | Cellular Phone Number | Email Addre
Prior Address (if you have been at your permanent address less than one year please provide Prior Addre | Cit | State | ZIP Code
Current Mailing Addres | City | State | ZIP Code
Current Phone Number While in School | Date of Birth (mm/dd/yy) | Have you ever defaulted on a student loan? (check one) Yes ☐ No ☒  If yes, see instructions for required action

Citizenship (check one)
a) U.S. Citizen ☒   b) Non-Citizen Permanent Resident ☐   c) Foreign Resident ☐   d) Foreign Resident not eligible for a Social Security Number ☐   Note: For options b, c or d see instructions

Total Requested Loan Amount
$ Total **25,185.00**
We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (see instructions)

Enrollment Period for which you want to borrow money (cannot exceed 12 months)
From (mm/yy) **08/07**   To (mm/yy) **12/07**

School Name **DE SALES UNIVERSITY** | City **CENTER VALLEY** | State **PA**
Grade Level (refer to instructions) **03** | Course of Study (refer to instructions) **NUR** | Current Outstanding Student Loans (refer to instructions) Federal ___ Non-Federal/Private $ ___

**References—You must provide two (2) adult references other than the cosigner. One of them should be a relative.**

1) Last Name and Suffix **Saint Louis** | First Name **Lydia** | MI | Relationship to Borrower **R = RELATIVE**
Address (No P.O. Boxes) | City | Stat | ZIP Cod | Permanent Phone Number | Alternate Phone Number

2) Last Name and Suffix **Severe** | First Name **Franceska** | MI | Relationship to Borrower **D = FRIEND**
Address (No P.O. Boxe | City | Stat | ZIP Code | Permanent Phone Number | Alternate Phone Number

---

## Section B: Cosigner Information   Please read instructions before completing this section.

Social Security Number | Last Name and Suffix **WINN** | First Name **RAYMOND** | MI | Relationship to Borrower
Address (Street Address Only - No P.O. Boxes Allowed) | Cit | State | ZIP Code
Permanent Phone Numbe | Cellular Phone Number | Email Address
Prior Address (No P.O. Boxes) | City | State | ZIP Code

Citizenship (check one)
a) U.S. Citizen ☒   b) Non-Citizen Permanent Resident ☐   Note: For option b, see instructions | Date of Birth (mm/dd/y | Cosigner's Job Title **Dietary Aide**

Present Employer Nam | Employer Address, City, State, ZIP Code | Work Phone Number | Extension

Gross Monthly Income (see instructions) Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment
Salary ___ Other $ ___ Source ___ | Monthly Mortgage/Rent Amount (check one) Own ☐ Rent ☒ | Have you ever defaulted on a student loan? (check one) Yes ☐ No ☒  If yes, see instructions for required action

**References—You must provide two (2) adult references other than the borrower. One of them should be a relative.**

1) Last Name and Suffix **Winn** | First Name **Ralph** | MI | Relationship to Cosigner **Relative**
Address (No P.O. Boxes) | City | State | ZIP Code | Permanent Phone Number | Alternate Phone Number

2) Last Name and Suffix **Young** | First Name **Micheal** | MI | Relationship to Cosigner **Friend**
Address (No P.O. Boxe | City | State | ZIP Code | Permanent Phone Number | Alternate Phone Number

---

## Section C: Borrower and Cosigner Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**NOTICE TO CUSTOMER (a) DO NOT SIGN THIS BEFORE YOU READ THE PROMISSORY NOTE EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.**

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and each applicable Notice to Cosigner and agree to the terms therein. I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other fees, charges, and costs that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Borrower Signature **SANDY          DEJOIE** | R18-6543E025D0518CC76215C3EB15945618 **(seal)** | Date **09/19/2008**
Cosigner Signature (if applicable) **RAYMOND          WINN** | R7U-FCBF6CF7687BCF8F89473D5942C44C91 **(seal)** | Date **09/19/2008**

---

## Section D: School Certification   Must be completed by an authorized school official.

School Name **DE SALES UNIVERSITY** | School Code/Branch **0039860000**

For the Enrollment Period (not to exceed 12 months)
From Date (mm/dd/yy) **08/22/2007**   To Date (mm/dd/yy) **12/20/2007**

Grade Level (check one) Please refer to instructions.
Undergraduate ☐1 ☐2 ☒3 ☐4 ☐5
Graduate ☐A ☐B ☐C ☐D

Enrollment Status (check one) Full-time ☒ Half-time ☐ | Course of Study (refer to instructions) **NUR** | Anticipated Graduation Date (mm/dd/yy)

| | Disbursement Date (mm/dd/yy) | Disbursement Amount |
|---|---|---|
| 1. | | 1. **$25,185.00** |
| 2. | | 2. $ |
| 3. | | 3. $ |
| 4. | | 4. $ |
| Total Certified Amount: $ | | |

As an authorized representative of the school identified above, I hereby certify the following: (i) the borrower is eligible for a Signature Student Loan; (ii) the information completed in this school certification is accurate; (iii) the Total Certified Amount does not exceed the school's cost of attendance minus other financial aid; (iv) that school will notify Sallie Mae if the borrower withdraws from the school; (v) if applicable, then prior to certification the school has complied with the disclosure requirements in Section 626(1) and all other provisions of the NY SLATE ACT, Law of New York Chapter 41, Article 13-B, Sections 620-632 (the "SLATE ACT"); (vi) as permitted under applicable law, that the school will provide information required by Sallie Mae related to the borrower, including without limitation contact information; and (vii) that the information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official
Sign and date: | Print or type name and title: | Phone

---

ONWLD_SWIS | Return Application To:  Sallie Mae · P.O. Box 147023 · Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-2008)



# Signature Student Loan Promissory Note 3XSP0802

**See Section N below for important federal law notices, including a federal Notice to Cosigner, important state law notices, including a Notice to Consumer for Iowa and Kansas residents and a Vermont Notice to Cosigner, and important notices regarding Available Financing Options Under Title IV of the Federal Higher Education Act and regarding the Availability of Borrower Benefits.  See Section T below for an important Arbitration Agreement, including a notice regarding the right to reject arbitration.**

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner(s) who signed the application, unless the language specifically refers to only one or the other. "You," "your," and "yours" mean the lender as listed below and any subsequent holder of this Note. "School" means the school named in Section D of the application.

Lender:   Sallie Mae Bank


Murray                     UT

## A.  PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, and collection agency, court and other collection costs, to the extent permitted by law.

## B.  DEFINITIONS

1.  Interim Period - The "Interim Period" will begin on the day of my first disbursement and will end on the earliest of the following applicable dates:

    (a) If the student borrower graduates from the School, six months after the date the student borrower graduates;

    (b) If the School is approved for half-time enrollment only, six months after the student borrower ceases to be enrolled in at least half-time study, unless the student borrower re-enrolls in another school eligible for the Signature Student Loan Program within that six-month period and also meets the enrollment requirements approved for that school; or

    (c) If the School is approved for less than half-time enrollment, six months after the student borrower ceases to be enrolled in at least half-time study, and also ceases to meet the requirements for less than half-time study, unless the student borrower re-enrolls in another school eligible for the Signature Student Loan Program within that six-month period and also meets the enrollment requirements approved for that school.

The portion of the Interim Period while the student borrower is in school is the "School Period" and the remaining portion of the Interim Period is the "Grace Period." Requirements for less than half-time study may include, but are not limited to, a limit on the maximum number of months or the maximum number of sequential terms (quarter, trimester, semester, or academic year) for less than half-time enrollment.

To find out if a school is approved for less than half-time enrollment, and, if so, the requirements for less than half-time study at the school, call 1-800-695-3317.

2.  Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and, depending on my loan balance, will continue for up to 360 months, not counting any Deferment or Forbearance periods. If my loan is made six months or more after the student borrower graduates, drops below half-time enrollment, if required, or ceases to meet the requirements for less than half-time enrollment, if applicable, then there is no Interim Period and my Repayment Period begins on the day of my first disbursement.

3.  Capitalized Interest, Fees and Other Amounts - Interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan, as provided in this Note. This addition is called "capitalizing." **Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.**

4.  Default - You may declare my loan in default following an event described in Section K except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired (for Iowa residents, if, following an event described in Section K, the prospect of my payment is materially impaired). The burden of establishing the prospect of such impairment is on you.

WISCONSIN RESIDENTS ONLY: I will be in default: (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date; or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5.  Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to the School.

6.  Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.

7.  Additional Terms - The terms "Interest," "Forbearance Fee," "Deferment Fee," "Late Charge," "Supplemental Fee," "Payment Return Fee," and "Collection Costs" are defined in the Note sections so titled. "Variable Rate," "Index," and "Margin" are defined under Section C, Interest, of this Note.

## C.  INTEREST

1.  Accrual of Interest - Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest, Fees and Other Amounts, until the principal balance and all accrued interest are paid in full. The Variable Rate will be used to calculate interest during the entire term of this Note, and following the maturity of, or any default under, this Note; there is no initially discounted, premium or other rate that will be used to calculate interest under this Note.

2.  Variable Rate - I will pay interest at a Variable Rate equal to the "Index", rounded up to the nearest one-eighth of one percent (0.125%), plus or minus the percentage identified on my Disclosure (the "Margin") for the School Period, Grace Period, or Repayment Period, as applicable. The Variable Rate may change monthly on the Change Date if the Index changes, the Margin changes, or both change. The Change Date is the twenty-fifth day of each month, or if the twenty-fifth day of the month is not a New York business day, the next New York business day. The Index is the one-month London Interbank Offered Rate ("LIBOR"), which is the average of interbank offered rates for one-month U.S. dollar-denominated deposits in the London market, as published by Reuters on its Reuters Screen LIBOR01 Page, or any successor page used for the purpose of displaying that rate. The Index is determined on the most recent business day that is at least two New York and two London business days prior to the Change Date. A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York, New York are authorized or ordered by law to close. A London business day is defined as any day on which commercial banks in London, England carry on interbank dealings in the London market. For example, if January 22, 23, and 24 are New York business days, but only January 22 and 23 are London business days, then the Index for the rate as of January 25 would be determined by the one-month LIBOR on January 22.

Copyright © 2000-2008 Sallie Mae 3XSP0802

3. <u>Substitute Source and Substitute Index</u> - If the Reuters Screen LIBOR01 Page is unavailable, then the Index will be determined by you using another source for the one-month LIBOR, such as another Reuters service that displays that rate, should one continue to do so; any substantially similar service that displays that rate, such as Bloomberg, should it continue to do so; or any substantially similar source that displays that rate, such as the Money Rates section of *The Wall Street Journal*, should it continue to do so. As an alternative to using another source, you may decide to calculate the rate using a methodology that is substantially similar to that used to determine the rate when it was published by Reuters. If no substitute source is available, or provides the rate on a timely basis, and if you are unable to calculate the rate, or decide not to do so, then you will choose a comparable substitute Index.

### D.   TERMS OF REPAYMENT

1. <u>No Required Payments During Interim Period</u> - I am not required to make payments during the Interim Period. However, unpaid accrued interest will be capitalized at the beginning of the Repayment Period. Statements that show the unpaid accrued interest on the loan will be sent to the student borrower on at least a quarterly basis and to the cosigner on at least an annual basis. Information about the unpaid accrued interest on the loan will also be available online at www.manageyourloans.com.

2. <u>Repayment Schedule</u> - You and I agree that the repayment schedule will be established as follows: Subject to paragraph 4 of this Section, prior to the start of the Repayment Period you will send me a statement setting forth an initial repayment schedule that provides for consecutive monthly payments of principal and interest in the amounts necessary to repay the unpaid principal and interest at the Variable Rate then in effect over a Repayment Period of up to 180 months. You will also send me statements showing the amounts and payment due dates of my monthly payments.

3. <u>Revisions to the Repayment Schedule</u> - Subject to paragraph 4 of this Section, you will revise the repayment schedule so that it provides for consecutive monthly payments of principal and interest in the amounts necessary to repay the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly payments.

4. <u>Interest-Only Payments, Extended Repayment Term, Other Repayment Options</u> - After the Interim Period begins, I may ask to make interest-only payments for the first 24 months or first 48 months of the Repayment Period or to exercise another repayment option, if available. If I wish to do so, I will notify you in writing. If you agree, you will notify me in writing of my new repayment terms, and, if I am making interest-only payments:

   (a) During any month when there is a decrease in the interest rate, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase in the interest rate, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any such excess interest that remains unpaid will accrue, but will not be capitalized: and

   (b) You will revise the repayment schedule so that I will repay any unpaid accrued interest and interest at the Variable Rate then in effect over the number of months remaining in the interest-only payment period, with the payment amount changing in the months of February, May, August and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly interest-only payments.

5. <u>Consecutive Monthly Payments</u> - I will make consecutive monthly payments during the Repayment Period in the amounts, and on or before the payment due dates, shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.

6. <u>Amounts Owing at the End of the Repayment Period</u> - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

7. <u>Minimum Payment</u> - Notwithstanding paragraphs 3, 4 and 6 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans combined.

8. <u>Application of Payments</u> - Payments will be applied first to applicable fees, charges, and costs then to accrued interest; and the remainder to principal, as permitted by applicable law. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my monthly payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

9. <u>Payment in Full</u> - **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving your rights under this Note.

### E.   DEFERMENT AND DEFERMENT FEES; FORBEARANCE AND FORBEARANCE FEES

1. <u>In School Deferment</u> - If I return to school I may request a Deferment under which I may defer regularly scheduled payments after the beginning of the Repayment Period. As long as the school is eligible for the Signature Student Loan Program, you will automatically grant the Deferment. Even if I do not request a Deferment, if you are notified that I have returned to a school that is eligible for the Signature Student Loan Program, you will automatically grant a Deferment. I understand that no Deferment Fee is assessed for an In School Deferment. You will capitalize unpaid accrued interest every six months and at the end of any such Deferment period or at the end of any such Deferment period of less than six months.

2. <u>Residency or Internship Deferment</u> - If I am an eligible health student enrolled in a residency or internship program, I may request a Deferment under which I may defer regularly scheduled payments after the beginning of the Repayment Period. As long as the residency or internship program is an approved program, you will automatically grant the Deferment. I understand that no Deferment Fee is assessed for a Residency or Internship Deferment. You will capitalize unpaid accrued interest every 12 months and at the end of any such Deferment period or at the end of any such Deferment period of less than 12 months.

3. <u>Hardship or Other Forbearance</u> - I may request and you, at your sole discretion, may grant me a Forbearance under which I may defer regularly scheduled payments after the beginning of the Repayment Period. If I request such forbearance, I agree to pay a Forbearance Fee, even if the Forbearance is not granted. The Forbearance Fee will be disclosed to me prior to the Forbearance Fee being assessed. You will capitalize unpaid accrued interest at the end of any such Forbearance Period.

### F.   LATE CHARGE

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

### G.   SUPPLEMENTAL FEES

1. <u>Supplemental Fee at Disbursement</u> - You may charge me a Supplemental Fee, and add it to the Loan Amount, at disbursement of my loan. If there is more than one disbursement, at the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee. The amount of the Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Disbursement or Prepaid Finance Charge and will be a percentage of the principal balance of my loan.

2. <u>Supplemental Fee at Repayment</u> - You may charge me a Supplemental Fee, which will be identified on my Disclosure, and add it to the Loan Amount, either at the beginning of my

Copyright © 2000-2008 Sallie Mae 3XSP0802

Repayment Period, upon total repayment of my loan, or upon an event described in Section K, whichever is earlier. The amount of this Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Repayment or Prepaid Finance Charge and will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. <u>When Earned</u> - I understand and agree that the Supplemental Fees, if any, are earned when assessed, are due even if the amounts on which they are assessed are later refunded, and are not subject to rebate if I prepay my loan.

## H.   PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

## I.   CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## J.   RIGHT TO PREPAY

**I have the right to prepay all or any part of my loan at any time without penalty. If I prepay my loan, I am not entitled to a refund of any finance charge.**

## K.   DEFAULT; WHOLE LOAN DUE;
##       INTEREST RATE AFTER DEFAULT

Subject to applicable law, and the requirements of Section B.4 above, you may declare my loan in default if:

1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in paragraph 3 of Section N on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. The student borrower dies or any cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.

If you do so, then after you provide me with such notices and cure periods as are required by applicable law, if any, the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note will become due and payable at once and you may cease to make any further disbursements to me. After default, interest will accrue at the Variable Rate applicable to this loan prior to default and the Variable Rate will be subject to adjustment in the same manner as before.

## L.   COLLECTION COSTS

Unless prohibited by applicable law, I agree to pay you all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## M.   NOTICE OF CLAIM; RIGHT TO RESOLVE: Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding a legal dispute or claim that in any way arises from or relates to this Note (as more fully defined in the Arbitration

Agreement below, "Claim"), the party asserting the Claim shall give the other party written notice of the Claim and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any claim notice I send must include my name, address, telephone number and loan or account number. Any claim notice must explain the nature of the Claim and the relief that is demanded. I may only submit a claim notice on my own behalf and not on behalf of any other party. The party giving a claim notice must reasonably cooperate in providing any information about the Claim that the other party reasonably requests.

## N.   NOTICES

1. <u>**JURY TRIAL WAIVER:**</u> **YOU AND I ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT BUT MAY BE WAIVED IN CERTAIN CIRCUMSTANCES. TO THE EXTENT PERMITTED BY LAW, YOU AND I KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS NOTE. THIS JURY TRIAL WAIVER SHALL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION THE ARBITRATION AGREEMENT SET FORTH BELOW, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.**

2. <u>**Joint and Several Liability**</u> **- Each borrower and cosigner is jointly and severally responsible for repaying the full amount owed under this Note.**

3. <u>Change in Information</u> - I will send written notice to you, within 10 days after any change in my name, address, email address, permanent phone number, cellular phone number, or, if this Note is executed by more than one person, the status (i.e. death) of any other person (i.e. the Borrower or any Cosigner), or within 10 days after any change in the School enrollment status of the Student, which includes, but is not limited to, non-attendance.

4. <u>Communications and Notices from You</u> - Any communication between you and any borrower or cosigner will be binding on all borrowers and cosigners. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

5. <u>Reports to Credit Bureaus</u> - **You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**

6. <u>Not Negotiable</u> - This is a non-negotiable consumer note.

7. <u>Not Dischargeable</u> - **This loan may not be dischargeable in bankruptcy.**

8. <u>**Federal Notices**</u> - I understand that the following notice is required by federal law when a new account is opened:

> ### IMPORTANT INFORMATION ABOUT PROCEDURES
> ### FOR OPENING A NEW ACCOUNT
> To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.
>
> What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

I understand that the following notice is also required by federal law and that for purposes of this notice, the words "you" and "yours" mean the cosigner(s) who signed the application.

Copyright © 2000-2008 Sallie Mae 3XSP0802

---

**NOTICE TO COSIGNER**

**You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.**

**You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.**

**The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.**

**This notice is not the contract that makes you liable for the debt.**

---

I understand that the following notice is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

---

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

I understand that the following notice is permitted by federal law and that for purposes of this notice, the word "we" means the Lender, its agents and any subsequent holder of this Note and the word "you" means the undersigned Borrower and Cosigner(s).

---

**NOTICE**

**If you believe that any information about your loan that we have reported to a credit bureau is inaccurate, or if you believe that you have been the victim of identity theft in connection with any other Sallie Mae loan made by us, write to us at P.O. Box 9500 Wilkes Barre, PA 18706-9700. In your letter, (i) provide your name and the loan or account number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute, and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft affidavit or identity theft report.**

---

9.  **State Notices** - I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they signed the application and to borrowers and cosigners who are residents of that state.

    CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.

    CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

    IOWA and KANSAS RESIDENTS ONLY: For purposes of this notice, the word "you" means the borrower and cosigner(s) NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

    MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. §85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

    MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

    MISSOURI RESIDENTS ONLY: **ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

    NEVADA RESIDENTS ONLY: This is a loan for study.

    NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

    NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

    OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

    UTAH RESIDENTS ONLY: This Note is the final expression of the agreement between me and you and it may not be contradicted by evidence of an alleged oral agreement.

    VERMONT RESIDENTS ONLY: For purposes of this notice, the word "you" means the Cosigner(s). **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

    WISCONSIN RESIDENTS ONLY: If I am a married Wisconsin resident: (1) My signature confirms that this loan obligation is being incurred in the interest of my marriage or family. (2) No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. (3) My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of § 766.56(3)(b) of the Wisconsin Statutes, as acknowledged by his or her signature on the Notice to Married Wisconsin Residents that I received with this Note.

Copyright © 2000-2008 Sallie Mae 3XSP0802

10. **Notice to Borrowers of Available Financing Options Under Title IV of the Federal Higher Education Act**

Title IV of the Federal Higher Education Act of 1965, as amended (20 U.S.C. 1001 et seq.), provides borrowers with federal financial aid options to pay for or finance their higher education expenses. Usually, the terms of loans available under these federal programs are more advantageous to the borrower than the terms available under private loan programs. Borrowers should therefore maximize their use of these federal loan programs before obtaining private loans. All borrowers are advised to discuss federal financing options and programs and their potential eligibility with their school before applying for a private student loan. Not all federal financing options are available to all borrowers, and loan amounts available to borrowers may vary based upon the year in school and the amounts previously borrowed. For further information on federal financial aid options, visit the U.S. Department of Education website at www.ed.gov. Financing options under Title IV of the Federal Higher Education Act include the following options below, as of May 1, 2008. Borrowers are urged to contact their schools to determine whether these financing options have since been modified.

(a) **Grants** - Financial aid that does not need to be repaid.
(b) **Federal Work-Study Programs**
(c) **The Federal Family Education Loan Program (FFELP)**
   FFELP loans include the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and your FFELP lender for more information.
   – Subsidized Federal Stafford Loan
     • Fixed interest rate for undergraduate students as follows:
       - 6.0% for loans first disbursed July 1, 2008 - June 30, 2009
       - 5.6% for loans first disbursed July 1, 2009 - June 30, 2010
       - 4.5% for loans first disbursed July 1, 2010 - June 30, 2011
       - 3.4% for loans first disbursed July 1, 2011 - June 30, 2012
     • Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012
     • 6-month grace period following at least half-time enrollment
     • Deferment and forbearance options
     • Interest subsidized by the government during in-school, grace, and deferment periods
     • Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
   – Unsubsidized Federal Stafford Loan
     • Fixed interest rate of 6.8%
     • 6-month grace period following at least half-time enrollment
     • Deferment and forbearance options
     • Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
   – Federal PLUS Loan
     • Fixed interest rate of 8.5%
     • Deferment and forbearance options
     • Flexible repayment plans such as graduated, income-sensitive and extended repayment options
   – Federal Consolidation Loan
     • Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
     • Deferment and forbearance options
     • Repayment period based on the total amount of the Consolidation Loan and the unpaid balance on other student loans
(d) **William D. Ford Federal Direct Loan Program**
   The William D. Ford Federal Direct Loan Program includes the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and the U.S. Department of Education for more information.
   – Federal Direct Stafford/Ford Loan
     • Fixed interest rate for undergraduate students as follows:
       - 6.0% for loans first disbursed July 1, 2008 - June 30, 2009

       - 5.6% for loans first disbursed July 1, 2009 - June 30, 2010
       - 4.5% for loans first disbursed July 1, 2010 - June 30, 2011
       - 3.4% for loans first disbursed July 1, 2011 - June 30, 2012
     • Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012
     • 6-month grace period following at least half-time enrollment
     • Deferment and forbearance options
     • Interest subsidized by the government during in-school, grace, and deferment periods
     • Flexible repayment plans such as graduated, income contingent, and extended repayment options
   – Federal Direct Unsubsidized Stafford/Ford Loan
     • Fixed interest rate of 6.8%
     • 6-month grace period following at least half-time enrollment
     • Deferment and forbearance options
     • Flexible repayment plans such as graduated, income contingent, and extended repayment options
   – Federal Direct PLUS Loan
     • Fixed interest rate of 7.9%
     • Deferment and forbearance options
     • Flexible repayment plans such as graduated, income contingent, and extended repayment options
   – Federal Direct Consolidation Loan
     • Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
     • Deferment and forbearance options
     • Repayment period based on the total amount of the Consolidation Loan and the unpaid balance on other student loans
(e) **Federal Perkins Loan Program**
     • Fixed interest rate of 5%
     • 9-month grace period following at least half-time enrollment
     • Deferment and forbearance options, with a 6-month grace period following deferment
     • Interest does not accrue during in-school, grace, and deferment periods
     • 10-year repayment plan
     • Origination fees do not apply

11. **Notice to Borrowers Regarding Loan Sales and Availability of Borrower Benefits**

I understand that my student loans may be sold while the loans are outstanding. I further understand that you have an agreement to sell to an affiliate of Sallie Mae, Inc. no less than 80% of the volume of private loans that you make that are originated and disbursed through Sallie Mae, Inc., and that as a result, my loan may be included in the loans that are sold to that entity. Any such sale will not result in any change to the loan terms or the loss of any advertised borrower benefits, which will continue subject to their original terms and conditions. However, student loan terms and advertised borrower benefits may change if I choose to consolidate my loans.

**O.   WHEN BOUND; RIGHTS TO CANCEL**

1. **When Bound** - **I understand that when you accept the attached application, you are not agreeing to lend me money and I am not bound by these credit terms and there will be no such agreement until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 2 of this section has expired.**

2. **My Right to Cancel this Note** - **Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will call you at 1-888-2SALLIE within 10 business days of the date of the Disclosure and I will not cash any loan checks, or if funds are transmitted electronically or by master check, I will instruct the School, within 10 business days of the date of the Disclosure, to return the funds to you.**

Copyright © 2000-2008 Sallie Mae 3XSP0802

3. **Your Right to Cancel this Note - I agree that you may cancel this Note and all disbursements without advance notice to me if the Disclosure is returned as undeliverable, for any reason, or if, in your sole discretion, whether based on information provided by the School or otherwise, you reasonably conclude that the student borrower will not attend the School or that the proceeds of the loan are no longer needed to meet the education costs of the student borrower at the School.**

4. **Your Right to Cancel Future Disbursements - You also have the right to cancel any future disbursement, without advance notice to me, if:**

   (a) **the student borrower ceases to be enrolled at least half time, if required, or to meet the restrictions for less than half-time enrollment, if applicable:**

   (b) **an event occurs as described in Section K:**

   (c) **the student borrower or any cosigner notifies you that he or she has arranged for other financing for the education costs to be paid for by this loan or that he or she no longer wants to repay the amount not yet disbursed:**

   (d) **the classes in which the student borrower has enrolled have been cancelled or delayed: or**

   (e) **the School ceases to be eligible to participate in the Signature Student Loan Program.**

**P. ADDITIONAL AGREEMENTS**

1. Use of Loan Proceeds: Acceptance of Borrower or Cosigner: Amount Lent - The proceeds of this loan will be used to pay educational expenses at the School, including living expenses. You have the right to accept or reject any Cosigner(s) or my application and/or to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance or balance due or if you have reason to believe that that the cost of attendance is less than the amount certified by the school.

2. Rights of Assignee of Lender - You have the right to assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. Governing Law - **I understand that the Lender is located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.**

4. Late Payments, Partial Payments and Payments in Full: Waivers - Without losing any of your rights under this Note, you may accept late payments, or, as permitted by law, partial payments, even if marked "payment in full", "without recourse: or similar language. **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send the payment to P.O. Box 3800, Wilkes Barre, PA 18773-3800 with a letter of explanation.** You may delay exercising, fail to exercise, or waive any of your rights on any future occasion without losing your entitlement to exercise any right at any future time or on any future occasion. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to any and all extensions, renewals, or releases of any person liable on this loan or any other loans I have outstanding with you, or any waiver or modification that may be granted by you, all without affecting or releasing any other person liable on this loan.

5. Conflict Between Disclosure and Note - I understand and agree that if the information in my Disclosure conflicts with the information in this Note, the information in my Disclosure shall apply with respect to items required to be disclosed under federal law.

6. Failure to Receive Coupon Book or Statement - My failure to receive a coupon book or statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

7. Waivers by Borrower and Cosigner: Consents: Responsibility for Repayment - I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or

demands in connection with this Note. I consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

8. Severability - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

9. Modification - Any provision of this Note may be modified if jointly agreed upon in writing by you and the borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

10. Communications Under Federal Bankruptcy Code - Any communication with you required or permitted under the Federal Bankruptcy Code must be in writing, must include my account number, and must be sent to Sallie Mae, P.O. Box 9400, Wilkes-Barre, PA 18773-3800.

11. Receipt of Copy of Note - I acknowledge that I have received a true and exact copy of this Note.

12. Assignments: Estate Bound - I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

13. Waivers by You - By accepting past due payments you do not waive or affect any right to accelerate this Note. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

14. United States Dollars - All dollar amounts stated in this Note are in United States dollars. I will make all payments in United States dollars with no deduction for currency exchange.

15. Failure to Attend or Dissatisfaction with Education Program - Except as otherwise provided herein, if the Student does not attend or is dissatisfied with the education program paid for with this loan, the Borrower and Cosigner(s) are not relieved of any obligation within or pursuant to this Note.

16. Suretyship - I hereby waive all my defenses to this Note based on suretyship.

17. Communicating with Me - **To the extent permitted by applicable law, and without limiting any other rights you may have, I consent to your communicating with me, in connection with the application or my loan, using any phone number or email address that I provided in the application, or using any phone number or email address that I provide in the future. You may communicate with me using any current or future means of communication, including, but not limited to, automated telephone dialing equipment, artificial or pre-recorded voice messages, SMS text messages, email directed to me at a mobile telephone service, or email otherwise directed to me. YOU MAY USE SUCH MEANS OF COMMUNICATION EVEN IF I WILL INCUR COSTS TO RECEIVE SUCH PHONE MESSAGES, TEXT MESSAGES, OR EMAILS.**

18. Limits on Interest, Fees, Charges, or Costs - If a law which applies to this loan and which sets maximum limits on interest, fees, charges, or costs is finally interpreted so that the interest, fees, charges, or costs collected or to be collected in connection with this loan exceed permitted limits, then:

   (a) any such interest, fees, charges, or costs shall be reduced by the amount necessary to comply with the permitted limits; and

   (b) any sums already collected from me which exceed permitted limits will be refunded to me. You may choose to make this refund by reducing the amounts I owe under this Note.

**Q. CERTIFICATIONS, AUTHORIZATIONS AND CONSENT TO INFORMATION SHARING**

1. Certification - I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best

Copyright © 2000-2008 Sallie Mae 3XSP0802

of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. If this loan is being obtained through the Financial Aid Office of the School, then I also certify that a Financial Aid Officer at the School made all disclosures to the student borrower, regarding the available financing options under Title IV of the Federal Higher Education Act, that are required by applicable law. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School, and if the School is closed, any third party, such as a custodian, receiver, bankruptcy trustee, trustee for a performance bond or a tuition recovery fund, to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that cannot reasonably be attributed to meeting the educational expenses of the student borrower related to attendance at the School and I hereby authorize the School at its discretion to refund any portion of my loan that exceeds direct institutional charges. At your option, and in accordance with the disbursement schedule established by you and the School, I authorize you to transmit funds directly to the School on my behalf. You may transmit such funds electronically, by a master check payable to the School where my funds are grouped together with other student borrower funds, by a check jointly payable to me and the School, or by a check made payable to the Borrower. Once the funds have been received, whether by electronic transmission or by proper endorsement and payment of any master check, joint check, or individual check, I authorize the School to transfer the funds to my account at the School. I understand that, except as otherwise provided herein, neither the student borrower's failure to complete the educational program that he or she has undertaken, nor the student borrower's dissatisfaction with the educational program that he or she has undertaken, relieves me of any obligation under this Note.

2. **Authorization - I authorize the School and any custodian of the School's records to release to you, the U.S. Department of Education, the guarantor, if any, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to check my credit and employment history, and to request and receive from others credit-related information about me, for this loan, for any future loans that may be offered to me, for any updates, renewals or extensions of this loan or any future loans that may be offered to me, for any hardship forbearance of this loan or any future loans that may be requested by me, and for any review or collection of this loan or any future loans that may be offered to me. I also authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to answer questions about your and their credit experience with me, and to release the results of the credit review process to the School or its agents. I further authorize you to release any other information on this loan to the School or its agents, to other schools I have attended for which I have taken out a student loan or their agents, to any subsequent holder of this Note, or its agents, and to the guarantor or its agents, if any. Finally, to the extent permitted by applicable law, I authorize you and your affiliates to share credit and other information about me, as well as copies of the application, this Note, and the Disclosure, with each other, consumer reporting agencies, and other third parties. I understand that I will receive a privacy policy, and, when required, an affiliate-sharing policy, that will advise me of my rights under applicable law.**

3. <u>Borrower and Cosigner Consent to Information Sharing</u> - **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. <u>What I Have Read</u> - I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, and the terms of this Note, including this "Certification and Consent to Information Sharing."

**R.   CORRECTION OF ERRORS**

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note, Disclosure, any Notice to Cosigner, and any Notice to Married Wisconsin Residents. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

**S.   COSIGNER/BORROWER RELEASE**

1. <u>Release of Cosigner Applicant</u> - I agree that, if any cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the borrower and/or any other cosigner applicant, then you may release said cosigner applicant from the application and from any liability hereunder, but this Note will still bind the borrower and any remaining cosigner.

2. <u>Release of Borrower</u> - As cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

**T.   ARBITRATION AGREEMENT**

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate - and require the other party to arbitrate - any Claim under the following terms and conditions. This Arbitration Agreement is part of the Signature Student Loan Promissory Note (**"Note"**).

1. **RIGHT TO REJECT: I may reject this Arbitration Agreement by mailing a signed rejection notice to P.O. Box 147027 Gainesville FL, 32608 within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number.**

2. **IMPORTANT WAIVERS: If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; (3) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (4) JOIN OR CONSOLIDATE CLAIM(S) WITH CLAIMS INVOLVING ANY OTHER PERSON IN COURT OR IN ARBITRATION. Other rights are more limited in arbitration than in court or are not available in arbitration. The waivers in subsections (2)-(4) above are called the "Class Action and Multi-Party Waivers." The arbitrator shall have no authority to conduct any arbitration inconsistent with the Class Action and Multi-Party Waivers.**

3. DEFINITIONS: In this Arbitration Agreement, the following definitions will apply:

"**I**," "**me**" and "**my**" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "**You**," "**your**" and "**yours**" mean the Lender; any other subsequent holder of this note; Sallie Mae, Inc.; SLM Financial Corporation; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors, employees, agents and representatives thereof. These terms also include any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "**Claimant**" means the party who first asserts a Claim in a lawsuit or arbitration proceeding. "**Administrator**" means, as applicable, the **American Arbitration Association**, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the **National Arbitration Forum**, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this

Copyright © 2000-2008 Sallie Mae 3XSP0802

Arbitration Agreement. The National Arbitration Forum will be the Administrator unless: (a) you and I agree otherwise; (b) I am the Claimant and I initiate an arbitration before the American Arbitration Association; or (c) I assert a Claim in court, you elect to arbitrate the Claim and I give you written notice that I am selecting the American Arbitration Association as Administrator within 20 days thereafter (or, if I dispute your right to require arbitration of my Claim, I select the American Arbitration Association as Administrator within 20 days after that dispute is finally resolved).

4. **"CLAIM"** means any legal claim, dispute or controversy between you and me that arises from or relates in any way to this Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note; (4) any insurance or other service or product offered or made available by or through you in connection with this Note, and any associated fees or charges; and (5) your methods of soliciting my business; and (6) any documents, instruments, advertising or promotional materials that contain information about this Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negligence or other torts, or violation of statute, regulation or common law. It includes disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **Also, "Claim" does not include any challenge to the validity and effect of the Class Action and Multi-Party Waivers, which must be decided by a court.**

If there is an arbitration agreement in place (a "Prior Arbitration Agreement") governing a prior promissory note to you (a "Prior Note"), "Claim" also includes all disputes relating to the Prior Note. If I do not reject this Arbitration Agreement, any such Claim will be governed by this Arbitration Agreement rather than the Prior Arbitration Agreement. If I reject this Arbitration Agreement, the Claim will be governed by the Prior Arbitration Agreement, provided that, if I never had the chance to reject the Prior Arbitration Agreement and no demand for arbitration has been previously made, my rejection of this Arbitration Rejection will also serve as my rejection of the Prior Arbitration Agreement.

5. **STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge, unless you and I agree otherwise.

6. **LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request to bear the fees charged by the Administrator and the arbitrator. Each party must normally pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration. Despite the foregoing, you will pay all such fees if I prevail in an arbitration where I am the Claimant (even if you are not required to pay such fees under applicable law) and all such fees you are required to bear: (a) under applicable law; or (b) in order to enforce this Arbitration Agreement.

7. **DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any relevant information the arbitrator determines should in fairness be made available.

8. **EFFECT OF ARBITRATION AWARD:** Any state or federal court with jurisdiction and venue may enter an order enforcing this Arbitration Agreement, enter judgment upon the arbitrator's award

and/or take any action authorized under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"). For any arbitration-related proceedings in which courts are authorized to take actions under the FAA, each party hereto expressly consents to the non-exclusive jurisdiction and venue of any state court of general jurisdiction or any state court of equity that is reasonably convenient to me, **provided** that the parties to any such judicial proceeding shall have the right to initiate such proceeding in federal court or remove the proceeding to federal court if authorized to do so by applicable federal law. The arbitrator's award will be final and binding, except for: (1) any appeal right under the FAA; and (2) Claims involving more than $50,000. For Claims involving more than $50,000 (including claims where the cost of any requested injunctive or declaratory relief would potentially exceed $50,000), any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider *de novo* any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided in Paragraph 6 above, the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

9. **GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Agreement and the Administrator's rules.

10. **SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any Forbearance or Modification granted pursuant to the Note; any cancellation, or request for cancellation, of the Note or of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement (other than this sentence) shall be null and void with respect to any Claim asserted on a class, representative or multi-party basis if the Class Action and Multi-Party Waivers are held to be invalid, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern.

11. **NOTICE OF CLAIM; RIGHT TO RESOLVE; SPECIAL PAYMENT:** Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding any Claim, the party asserting the Claim (the "Claimant") shall give the other party written notice of the Claim (a "Claim Notice") and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any Claim Notice I send must include my name, address, telephone number and loan or account number. Any Claim Notice must explain the nature of the Claim and the relief that is demanded. I may only submit a Claim Notice on my own behalf and not on behalf of any other party. The Claimant must reasonably cooperate in providing any information about the Claim that the other party reasonably requests. If: (i) I submit a Claim Notice in accordance with this paragraph on my own behalf (and not on behalf of any other party); (ii) you refuse to provide the relief I request; and (iii) an arbitrator subsequently determines that I was entitled to such relief (or greater relief), the arbitrator shall award me at least $5,100 (not including any arbitration fees and attorneys' fees and costs to which I may be entitled under this Arbitration Agreement or applicable law).

Copyright © 2000-2008 Sallie Mae 3XSP0802

## NOTICE TO COSIGNER

## SUPPLEMENT TO APPLICATION AND PROMISSORY NOTE
## for IOWA, NEW YORK, SOUTH CAROLINA RESIDENTS

You agree to pay the debt identified below, although you may not personally receive any property, services, or money. You may be sued for payment, although the person who receives the property, services or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the note. You will also have to pay some or all of these costs and charges, if the note you are guaranteeing requires the borrower to pay such costs and charges and if permitted by applicable law. You will receive a disclosure of the Total of Payments when the loan is disbursed.

**This notice is not the note that obligates you to pay the debt.**
Read the Promissory Note for the exact terms of your obligation.

### IDENTIFICATION OF DEBT YOU MAY HAVE TO PAY

SANDY                    DEJOIE          ████████
(Name of Borrower)                       (Social Security Number of Borrower)

SALLIE MAE EDUCATION TRUST
(Name of Lender)

SIGNATURE STUDENT LOAN                   $          **Will be disclosed to you**
(Name of Loan Program)                   (Total of Payments)

I have kept a completed copy of this notice and the Promissory Note that obligates me and the Borrower on this debt.

RAYMOND        WINN          09/19/2008
Signature of Cosigner        Date
R7U-FCBF6CF7687BCF8F89473D5942C44C91

RAYMOND        WINN
Printed Name of Cosigner

Cosigner: Please sign, date, and return an original of this notice to:

**Sallie Mae · P.O. Box 147023 · Gainesville, FL32614-7023**

  

# EXHIBIT B

# SMART OPTION STUDENT LOAN
*Application and Promissory Note*

SallieMae
Education Trust

Customer ID Number:
Application: 1SCL0902
Prom Note: 3SCL0902

## Section A: Borrower Information   Please read instructions before completing this application.

| Social Security Numbe | Last Name and Suffix DEJOIE | First Name SANDY | XS | PP | 9009050000 | MI |
|---|---|---|---|---|---|---|

Permanent Address (Street Address only - No P.O. Boxes allowed)    Cit    Stat    ZIP Code

| Length of Time at Present Address Years 2  Months 0 | Permanent Phone Number | Cellular Phone Number | Email Address |
|---|---|---|---|

Prior Address (if you have been at your permanent address less than one year please provide prior address)    City    State    ZIP Code

Current Mailing Address (if this is the same as your permanent address, you can leave this section blank)    City    State    ZIP Code

Current Phone Number    Date of Birth (mm/dd/yyyy)    Have you ever defaulted on an education loan? (select one) ☐Yes ☑No  (if yes, instructions for required action)

Citizenship (select one) ☑U.S. Citizen  ☐Non-Citizen Permanent Resident  ☐Foreign Resident  (for Non-Citizen Permanent Resident or Foreign Resident see instructions)    Relationship to Student Self

Employment Status (see instructions) Unemployed    Present Employer Name    Work Phone Number Extension    Length of Time at Present Employer Years 0  Months 0    Occupation (see instructions)

**You do not have to reveal any alimony, child support or maintenance income if you do not wish to have it considered as a basis for loan repayment.**

| Borrower's Gross Income from Primary Source: (see instructions) | Per: (see instructions) | Source of Primary Income: $ | Additional Income: $ | Per: (see instructions) | Source of Additional Income: | Total Household Income: $ | Per: (see instructions) |
|---|---|---|---|---|---|---|---|

Ownership of Accounts: Do you have one or more of the accounts listed below? ☑Yes ☐No    Residence Type ☐Own ☐Rent ☑Live with parent(s) ☐Other    If own, Approximate Home Value $    Monthly Mortgage/Rent Amount $

Checking $    Savings, CDs, Money Market, Retirement or Investment: $

| Total Requested Loan Amount  (see instructions) Total $ 9,000.00 | Current Outstanding Student Loans (see instructions)  Federal: | Non-Federal/Private: |
|---|---|---|

**References:** You must provide two (2) adult references, one of which must be a relative. You may not list any cosigner or anyone listed as a reference by a cosigner.

1) Last Name and Suffix DeJoie    First Name Nazi    MI    Relationship to Borrower PARENT (GUARDIAN)

Address (No P.O. Boxes    City    Stat    ZIP Cod    Permanent Phone Number    Alternate Phone Number

2) Last Name and Suffix Eugene    First Name Marie    MI    Relationship to Borrower MOTHER

Address (No P.O. Boxes    Cit    Stat    ZIP Code    Permanent Phone Number    Alternate Phone Number

## Section B: Student and Enrollment Information

Social Security Number    Last Name and Suffix    First Name    MI    Date of Birth (mm/dd/yyyy)

Permanent Address (Street Address only - No P.O. Boxes Allowed)    City    State    ZIP Code

Permanent Phone Number    Cellular Phone Number    Email Address

School Name DE SALES UNIVERSITY    School City CENTER VALLEY    School State PA

Cumulative GPA:    Scale: ☑4.0 ☐5.0 ☐6.0 ☐Other (see instructions)    Enrollment Status (select one) ☑Full time ☐Half time    Grade Level (select one) Please refer to instructions Undergraduate  1  2  3 ☒ 5    Graduate   A   B   C   D

Enrollment Period for which you want to borrow money (cannot exceed 12 months)    From (mm/dd/yyyy) 06/01/2009    To (mm/dd/yyyy) 05/31/2010    Course of Study (see instructions) NUR    Specify Degree or Certificate you are seeking (see instructions) Bachelors

## Section C: Cosigner Information

| Social Security Number | Last Name and Suffix WINN | First Name RAYMOND | MI | Relationship to Student Other |
|---|---|---|---|---|

Permanent Address (Street Address only-No P.O. Boxes allowed)    City    State    ZIP Code

| Length of Time at Present Address Years 30  Months 0 | Date of Birth (mm/dd/yyyy) | Permanent Phone Number | Cellular Phone Number | Email Address N/A |
|---|---|---|---|---|

Prior Address (if you have been at your permanent address less than one year, please provide prior address)    Cit    City    State    ZIP Code

Citizenship (select one) ☑U.S. Citizen  ☐Non-Citizen Permanent Resident  (for Non-Citizen Permanent Resident see instructions)    Have you ever defaulted on an education loan? (select one) ☐Yes ☑No  (if yes, see instructions for required action)

Employment Status (see instructions) Employed    Present Employer Name    Work Phone Numb Extension    Length of Time at Present Employer Years 29  Months 0    Occupation (see instructions) Hospitality/Culinary professional

**You do not have to reveal any alimony, child support or maintenance income if you do not wish to have it considered as a basis for loan repayment.**

| Cosigner's Gross Income from Primary Source: (see instructions) | Per: (see instructions) Year | Source of Primary Income: $ | Additional Income: $ | Per: (see instructions) Month | Source of Additional Income: | Total Household Income: $ | Per: (see instructions) Year |
|---|---|---|---|---|---|---|---|

Ownership of Accounts: Do you have one or more of the accounts listed below? ☑Yes ☐No    Residence Type ☐Own ☑Rent ☐Live with parent(s) ☐Other    If own, Approximate Home Value $    Monthly Mortgage/Rent Amount $

Checking    Savings, CDs, Money Market, Retirement or Investment:

**References:** You must provide two (2) adult references, one of which must be a relative. You may not list any borrower or anyone listed as a reference by a borrower.

1) Last Name and Suffix WINN    First Name RALPH    MI    Relationship to Cosigner Relative

Address (No P.O. Boxes    Cit    State    ZIP Cod    Permanent Phone Number    Number

2) Last Name and Suffix YOUNG    First Name MICHEAL    MI    Relationship to Cosigner Friend

Address (No P.O. Boxes    City    ZIP Code    Permanent Phone Number    Alternate Phone Number

## Section D: Borrower and Cosigner Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**NOTICE TO CUSTOMER (a) DO NOT SIGN THIS BEFORE YOU READ THE PROMISSORY NOTE EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND TO BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.**

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and each applicable Notice to Cosigner and agree to the terms therein. I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other fees, charges, and costs that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

| Borrower Signature SANDY  DEJOIE | (seal) Date 07/13/2009 | Cosigner Signature RAYMOND  WINN | (seal) Date 07/12/2009 |
|---|---|---|---|

K25-4E3A6C7C023B4DBA0A90ADA850648CA9E    D24-88A8E21E9202712BCF5A1B5804E3F323

ONWLD_SWIS

(Copyright Sallie Mae 2000-2009)

# Sallie Mae Smart Option Student Loan Promissory Note – 3SCL0902

**See Section N below for important federal law notices, including a federal Notice to Cosigner, important state law notices, including a Notice to Consumer for Iowa and Kansas residents and a Vermont Notice to Cosigner, and important notices regarding Available Financing Options Under Title IV of the Federal Higher Education Act and regarding the Availability of Borrower Benefits. See Section T below for an important Arbitration Agreement, including a notice regarding the right to reject arbitration. See also an important disclosure for students attending Iowa schools that is attached with this Promissory Note.**

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner(s) who signed the application, unless the language specifically refers to only one or the other. "You," "your," and "yours" mean the lender as listed below and any subsequent holder of this Note. "School" means the school I identified in the loan application.

Lender: SALLIE MAE BANK

MURRAY                        UT

## A. PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, and collection agency, court and other collection costs, to the extent permitted by law.

## B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the day of my first disbursement and will end on the earliest of the following applicable dates:

   (a) If the student borrower graduates from the School, approximately six months after the date the student borrower graduates;

   (b) If the School is approved for half-time enrollment only, approximately six months after the student borrower ceases to be enrolled in at least half-time study, unless the student borrower re-enrolls in another school eligible for the Sallie Mae Smart Option Student Loan Program within that six-month period and also meets the enrollment requirements approved for that school; or

   (c) If the School is approved for less than half-time enrollment, approximately six months after the student borrower ceases to be enrolled in at least half-time study, and also ceases to meet the requirements for less than half-time study, unless the student borrower re-enrolls in another school eligible for the Sallie Mae Smart Option Student Loan Program within that six-month period and also meets the enrollment requirements approved for that school.

The portion of the Interim Period while the student borrower is enrolled in school is the "School Period" and the remaining portion of the Interim Period is the "Separation Period." Requirements for less than half-time study may include, but are not limited to, a limit on the maximum number of months or the maximum number of sequential terms (quarter, trimester, semester, or academic year) for less than half-time enrollment.

To find out if a school is approved for less than half-time enrollment, and, if so, the requirements for less than half-time study at the school, call 1-888-2SALLIE.

2. Principal and Interest Repayment Period - The "Principal and Interest Repayment Period" (or "Repayment Period") will begin on the day after the Interim Period ends and, depending on my loan balance, will continue for up to 360 months, not counting any Deferment or Forbearance periods. If my loan is made six months or more after the student borrower graduates, drops below half-time enrollment, if required, or ceases to meet the requirements for less than half-time enrollment, if applicable, then there is no Interim Period and my Repayment Period begins on the day of my first disbursement.

3. Capitalized Interest, Fees and Other Amounts - Interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan, as provided in this Note.

This addition is called "capitalizing." **Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.**

4. Default - You may declare my loan in default following an event described in Section K except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired (for Iowa residents, if, following an event described in Section K, the prospect of my payment is materially impaired). The burden of establishing the prospect of such impairment is on you.

   WISCONSIN RESIDENTS ONLY: I will be in default:

   (a) If I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date: or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date –The date shown on the loan check or the date the loan funds are electronically transferred to the School.

6. Disclosure - The Truth in Lending Disclosure that will be sent on or before the time of my first disbursement and which is hereby incorporated into this Note.

7. Additional Terms - The terms "Interest," "Forbearance Fee," "Deferment Fee," "Late Charge," "Supplemental Fees," "Payment Return Fee," and "Collection Costs" are defined in the Note sections so titled. "Variable Rate," "Index," and "Margin" are defined under Section C, Interest, of this Note.

## C. INTEREST

1. Accrual of Interest - Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest, Fees and Other Amounts, until the principal balance and all accrued interest are paid in full. The Variable Rate will be used to calculate interest during the entire term of this Note, and following the maturity of, or any default under, this Note; there is no initially discounted, premium or other rate that will be used to calculate interest under this Note.

2. Variable Rate - I will pay interest at a Variable Rate equal to the "Index", rounded up to the nearest one-eighth of one percent (0.125%), plus or minus the percentage identified on my Disclosure (the "Margin") for the School Period, Separation Period, or Repayment Period, as applicable. The Variable Rate may change monthly on the Change Date if the Index changes, the Margin changes, or both change. The Change Date is the twenty-fifth day of each month, or if the twenty-fifth day of the month is not a New York business day, the next New York business day. The Index is the one-month London Interbank Offered Rate ("LIBOR"), which is the average of interbank offered rates for one-month U.S. dollar-denominated deposits in the London market, as published by Reuters on its Reuters Screen LIBOR01 Page, or any successor page used for the purpose of displaying that rate. The Index is determined on the most recent business day that is at least two New York and two London business days prior to the Change Date. A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York, New York are authorized or ordered by law to close. A London business day is defined as any day on which commercial banks in London, England carry on interbank dealings in the London market. For example, if January 22, 23, and 24 are New York business days, but only January 22 and 23 are London business days, then the Index for the rate as of January 25 would be determined by the one-month LIBOR on January 22.

3. **Substitute Source and Substitute Index** - If the Reuters Screen LIBOR01 Page is unavailable, then the Index will be determined by you using another source for the one-month LIBOR, such as another Reuters service that displays that rate, should one continue to do so; any substantially similar service that displays that rate, such as Bloomberg, should it continue to do so; or any substantially similar source that displays that rate, such as the Money Rates section of The Wall Street Journal, should it continue to do so. As an alternative to using another source, you may decide to calculate the rate using a methodology that is substantially similar to that used to determine the rate when it was published by Reuters. If no substitute source is available, or provides the rate on a timely basis, and if you are unable to calculate the rate, or decide not to do so, then you will choose a comparable substitute Index.

## D.  TERMS OF REPAYMENT

1. **Repayment Schedule for Interim Period** - You and I agree that the repayment schedule for the Interim Period will be established as follows: On or before the time of the first disbursement you will send me a statement setting forth an initial repayment schedule that provides for consecutive monthly payments of interest in the amounts necessary to repay the unpaid interest that will accrue at the Variable Rate then in effect over the Interim Period. You will also send me statements showing the amounts and payment due dates of my monthly payments, unless I sign up for direct debit. If I sign up for direct debit, then, to the extent required by law, you will notify me, in advance, when any payment will vary in amount from the previous payment. In addition, information about the unpaid accrued interest on the loan and the outstanding principal will also be available online at www.manageyourloans.com.

2. **Rate Changes and Payments During the Interim Period** - Because my payments are calculated on or before the time of the first disbursement and, thereafter, in February, May, August and November, the amount of interest that accrues from one payment due date to the next payment due date may be different than the amount of the payment shown on my statement, even if I make all my payments on my payment due dates. During any month when there is a decrease in the interest rate, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase in the interest rate, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any such excess interest, and any other interest that remains unpaid, will accrue but will not be capitalized.

3. **Revisions to the Repayment Schedule for the Interim Period** - You will revise the repayment schedule for the Interim Period so that it provides for consecutive monthly payments of interest in the amounts necessary to repay, over the number of months remaining in the Interim Period, any accrued but unpaid interest, as well as the unpaid interest that will accrue at the Variable Rate then in effect, with the payment amount changing in the months of February, May, August, and November as necessary. The statements that you send me will reflect these changes in the amounts of my monthly payments. In addition, information about the unpaid accrued interest and the outstanding principal on the loan will also be available online at www.manageyourloans.com.

4. **Repayment Schedule for the Repayment Period** - You and I agree that the repayment schedule for the Repayment Period will be established as follows: On or before the start of the Repayment Period you will send me a statement setting forth an initial repayment schedule that provides for consecutive monthly payments of principal and interest in the amounts necessary to repay the unpaid principal and interest at the Variable Rate then in effect over a Repayment Period of up to 180 months. You will also provide me statements showing the amounts and payment due dates of my monthly payments, unless I sign up for direct debit. If I sign up for direct debit, then, to the extent required by law, you will notify me, in advance, when any payment will vary in amount from the previous payment.

5. **Rate Changes and Payments During the Repayment Period** - Because my payments are calculated prior to the start of the Repayment Period and, thereafter, in February, May, August and November, the amount of interest that accrues from one payment due date to the next payment due date may be different than the interest portion of the amount of the payment shown on my statement, even if I make all my payments on my payment due

dates. During any month when there is a decrease in the interest rate, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase in the interest rate, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any such excess interest, and any other interest that remains unpaid, will accrue but will not be capitalized.

6. **Revisions to the Repayment Schedule for the Repayment Period** - You will revise the repayment schedule so that it provides for consecutive monthly payments of principal and interest in the amounts necessary to repay, over the number of months remaining in the Repayment Period, any accrued but unpaid interest, as well as the unpaid principal and interest at the Variable Rate then in effect, with the payment amount changing in the months of February, May, August, and November, as necessary. The statements that you send me will reflect any changes in the amounts of these monthly payments.

7. **Consecutive Monthly Payments** - I will make consecutive monthly payments during the Interim Period and during the Repayment Period in the amounts, and on or before the payment due dates, shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.

8. **Amounts Owing at the End of the Repayment Period** - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. Even if I make all of my payments on or before my payment due dates, and do not incur any additional fees and charges, because interest accrues daily on the unpaid principal balance of my loan, the Variable Rate may change monthly, and payments are only adjusted quarterly, I may still owe additional principal and interest at the end of the Repayment Period. In either case, I shall pay the additional amounts owing at the end of the Repayment Period, and you may, but are not required to, lengthen the Repayment Period.

9. **Minimum Payment during Repayment Period** - Notwithstanding any other provisions of this Section, during the Repayment Period I agree to pay at least $50 per month, or the entire unpaid balance, whichever is less, on all my existing Signature Student Loans and all my Sallie Mae Smart Option Student Loans combined.

10. **Application of Payments** - Payments will be applied first to applicable fees, charges, and costs; then to accrued interest; and the remainder to principal, as permitted by applicable law. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my monthly payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

11. **Payment in Full** - **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving your rights under this Note.

## E.  DEFERMENT AND DEFERMENT FEES; FORBEARANCE AND FORBEARANCE FEES

1. **In School Principal Deferment** - If at any time during the Repayment Period, you are notified that I have returned to school, you may, at your sole discretion and with notice to me, grant me a deferment of principal payments ("Principal Deferment"), for a maximum period of time set by you. If at any time during the Repayment Period I return to school, I may request and you, at your sole discretion, may grant me a Principal Deferment, for a maximum period of time set by you. If I receive a Principal Deferment during the Repayment Period, I will still be required to make payments of interest during the Principal Deferment Period on the same terms that I was required to make payments of interest during the Interim Period.

2. **Residency or Internship Principal Deferment** - If at any time during the Repayment Period I am enrolled in a residency or internship program, I may request and you, at your sole discretion, may grant me a Deferment, for a maximum period of time set by you. If I receive a Deferment during the Repayment Period, then I may defer regularly scheduled payments of principal and interest. However, I

Copyright © 2000-2009 Sallie Mae 3SCLO902

will still be required to make payments of interest during the Deferment Period on the same terms that I was required to make payments of interest during the Interim Period. If I request such a Deferment, I agree to pay any Deferment Fee that you assess, even if the Deferment is not granted. The Deferment Fee will be disclosed to me prior to the Deferment Fee being assessed.

3. Hardship or Other Forbearance - At any time, I may request and you, at your sole discretion, may grant me a Forbearance, for a maximum period of time set by you. If I receive a Forbearance during the Interim Period, then I may defer regularly scheduled payments of interest. If I receive a Forbearance during the Repayment Period, then I may defer regularly scheduled payments of principal and interest. However, I may be required to make lesser payments of principal and interest on terms set by you  If I request such a Forbearance, I agree to pay a Forbearance Fee, even if the Forbearance is not granted. The Forbearance Fee will be disclosed to me prior to the Forbearance Fee being assessed. You will capitalize unpaid accrued interest at the end of any such Forbearance Period.

## F.  LATE CHARGE

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

## G.  SUPPLEMENTAL FEES

1. Supplemental Fee at Disbursement - You may charge me a Supplemental Fee, and add it to the Loan Amount, at disbursement of my loan. If there is more than one disbursement, at the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee. The amount of the Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Disbursement or Prepaid Finance Charge and will be a percentage of the principal balance of my loan.

2. Supplemental Fee at Repayment - You may charge me a Supplemental Fee, which will be identified on my Disclosure, and add it to the Loan Amount, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section K, whichever is earlier. The amount of this Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Repayment or Prepaid Finance Charge and will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. When Earned - I understand and agree that the Supplemental Fees, if any, are earned when assessed, are due even if the amounts on which they are assessed are later refunded, and are not subject to rebate if I prepay my loan.

## H.  PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

## I.  CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## J.  RIGHT TO PREPAY

**I have the right to prepay all or any part of my loan at any time without penalty. If I prepay my loan, I am not entitled to a refund of any finance charge.**

## K.  DEFAULT; WHOLE LOAN DUE; INTEREST RATE AFTER DEFAULT

Subject to applicable law, and the requirements of Section B.4 above, you may declare my loan in default if:

1. I fail to make any payment to you when due; or

2. I fail to provide a notice required in paragraph 3 of Section N on time; or

3. I break any of my other promises in this Note; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or

5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or

6. The student borrower dies or any cosigner dies; or

7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.

If you do so, then after you provide me with such notices and cure periods as are required by applicable law, if any, the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note will become due and payable at once and you may cease to make any further disbursements to me. After default, interest will accrue at the Variable Rate applicable to this loan prior to default and the Variable Rate will be subject to adjustment in the same manner as before.

## L.  COLLECTION COSTS

Unless prohibited by applicable law, I agree to pay you all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## M.  NOTICE OF CLAIM; RIGHT TO RESOLVE:

Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding a legal dispute or claim that in any way arises from or relates to this Note (as more fully defined in the Arbitration Agreement below, "Claim"), the party asserting the Claim shall give the other party written notice of the Claim and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any claim notice I send must include my name, address, telephone number and loan or account number. Any claim notice must explain the nature of the Claim and the relief that is demanded. I may only submit a claim notice on my own behalf and not on behalf of any other party. The party giving a claim notice must reasonably cooperate in providing any information about the Claim that the other party reasonably requests.

## N.  NOTICES

1. <u>JURY TRIAL WAIVER:</u> **YOU AND I ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT BUT MAY BE WAIVED IN CERTAIN CIRCUMSTANCES. TO THE EXTENT PERMITTED BY LAW, YOU AND I KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS NOTE. THIS JURY TRIAL WAIVER SHALL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION THE ARBITRATION AGREEMENT SET FORTH BELOW, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.**

2. <u>Joint and Several Liability</u> - **Each borrower and cosigner is jointly and severally responsible for repaying the full amount owed under this Note.**

3. Change in Information - I will send written notice to you, within 10 days after any change in my name, address, email address, permanent phone number, cellular phone number, or, if this Note is executed by more than one person, the status (i.e. death) of any other person (i.e. the Borrower or any Cosigner), or within 10 days after any change in the School enrollment status of the Student, which includes, but is not limited to, non-attendance.

4. Communications and Notices from You - Any communication between you and any borrower or cosigner will be binding on all borrowers and cosigners. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

Copyright © 2000-2009 Sallie Mae 3SCL0902

5. <u>Reports to Credit Bureaus</u> - **You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**

6. <u>Not Negotiable</u> - This is a non-negotiable consumer note.

7. <u>Not Dischargeable</u> - **This loan may not be dischargeable in bankruptcy.**

8. <u>Federal Notices</u> - I understand that the following notice is required by federal law when a new account is opened:

---

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: In applying for this education loan, you will ask for my name, address, date of birth, Social Security Number, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

I understand that the following notice is also required by federal law and that for purposes of this notice, the words "you" and "yours" mean the cosigner(s) who signed the application.

---

**NOTICE TO COSIGNER**

**You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.**

**You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.**

**The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.**

**This notice is not the contract that makes you liable for the debt.**

---

I understand that the following notice is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

---

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

I understand that the following notice is permitted by federal law and that for purposes of this notice, the word "we" means the Lender, its agents and any subsequent holder of this Note and the word "you" means the undersigned Borrower and Cosigner(s).

---

**NOTICE**

**If you believe that any information about your loan that we have reported to a credit bureau is inaccurate, or if you believe that you have been the victim of identity theft in connection with any other Sallie Mae loan made by us, write to us at P.O. Box 9500 Wilkes Barre, PA 18706-9500. In your letter, (i) provide your name and the loan or account number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute, and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft affidavit or identity theft report.**

---

9. <u>**State Notices**</u> - I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they signed the application and to borrowers and cosigners who are residents of that state.

<u>CALIFORNIA RESIDENTS ONLY:</u> A married applicant may apply for a separate account.

<u>CALIFORNIA and UTAH RESIDENTS:</u> As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

<u>IOWA and KANSAS RESIDENTS ONLY:</u> For purposes of this notice, the word "you" means the borrower and cosigner(s). NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

<u>MARYLAND RESIDENTS ONLY:</u> You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. §85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

<u>MASSACHUSETTS RESIDENTS ONLY:</u> Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

<u>MISSOURI RESIDENTS ONLY:</u> **ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

<u>NEVADA RESIDENTS ONLY:</u> This is a loan for study.

<u>NEW JERSEY RESIDENTS ONLY:</u> The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

<u>NEW YORK, RHODE ISLAND and VERMONT RESIDENTS:</u> I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

<u>OHIO RESIDENTS ONLY:</u> The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

<u>UTAH RESIDENTS ONLY:</u> This Note is the final expression of the agreement between me and you and it may not be contradicted by evidence of an alleged oral agreement.

<u>VERMONT RESIDENTS ONLY:</u> For purposes of this notice, the word "you" means the Cosigner(s). **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

Copyright © 2000-2009 Sallie Mae 3SCLO902

WISCONSIN RESIDENTS ONLY: If I am a married Wisconsin resident: (1) My signature confirms that this loan obligation is being incurred in the interest of my marriage or family. (2) No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. (3) My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of § 766.56(3)(b) of the Wisconsin Statutes, as acknowledged by his or her signature on the Notice to Married Wisconsin Residents that I received with this Note.

10. **Notice to Borrowers of Available Financing Options Under Title IV of the Federal Higher Education Act**

Title IV of the Federal Higher Education Act of 1965, as amended (20 U.S.C. 1001 et seq.), provides borrowers with federal financial aid options to pay for or finance their higher education expenses. Usually, the terms of loans available under these federal programs are more advantageous to the borrower than the terms available under private loan programs. Borrowers should therefore maximize their use of these federal loan programs before obtaining private loans. All borrowers are advised to discuss federal financing options and programs and their potential eligibility with their school before applying for a private student loan. Not all federal financing options are available to all borrowers, and loan amounts available to borrowers may vary depending upon the year in school and the amounts previously borrowed. For further information on federal financial aid options, visit the U.S. Department of Education website at www.ed.gov. Financing options under Title IV of the Federal Higher Education Act include the following options below, as of May 1, 2008. Borrowers are urged to contact their schools to determine whether these financing options have since been modified.

(a) **Grants**—Financial aid that does not need to be repaid.

(b) **Federal Work-Study Programs**

(c) **The Federal Family Education Loan Program (FFELP)**

FFELP loans include the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and your FFELP lender for more information.

– Subsidized Federal Stafford Loan
· Fixed interest rate for undergraduate students as follows:
- 5.6% for loans first disbursed July 1, 2009 – June 30, 2010
- 4.5% for loans first disbursed July 1, 2010 – June 30, 2011
- 3.4% for loans first disbursed July 1, 2011 – June 30, 2012
· Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012
· 6-month grace period following at least half-time enrollment
· Deferment and forbearance options
· Interest subsidized by the government during in-school, grace, and deferment periods
· Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
– Unsubsidized Federal Stafford Loan
· Fixed interest rate of 6.8%
· 6-month grace period following at least half-time enrollment
· Deferment and forbearance options
· Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
– Federal PLUS Loan
· Fixed interest rate of 8.5%
· Deferment and forbearance options
· Flexible repayment plans such as graduated, income-sensitive and extended repayment options
– Federal Consolidation Loan
· Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
· Deferment and forbearance options

· Repayment period based on the total amount of the Consolidation Loan and the unpaid balance on other student loans

(d) **William D. Ford Federal Direct Loan Program**

The William D. Ford Federal Direct Loan Program includes the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and the U.S. Department of Education for more information.

– Federal Direct Stafford/Ford Loan
· Fixed interest rate for undergraduate students as follows:
- 5.6% for loans first disbursed July 1, 2009 – June 30, 2010
- 4.5% for loans first disbursed July 1, 2010 – June 30, 2011
- 3.4% for loans first disbursed July 1, 2011 – June 30, 2012
· Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012
· 6-month grace period following at least half-time enrollment
· Deferment and forbearance options
· Interest subsidized by the government during in-school, grace, and deferment periods
· Flexible repayment plans such as graduated, income contingent, and extended repayment options
– Federal Direct Unsubsidized Stafford/Ford Loan
· Fixed interest rate of 6.8%
· 6-month grace period following at least half-time enrollment
· Deferment and forbearance options
· Flexible repayment plans such as graduated, income contingent, and extended repayment options
– Federal Direct PLUS Loan
· Fixed interest rate of 7.9%
· Deferment and forbearance options
· Flexible repayment plans such as graduated, income contingent, and extended repayment options
– Federal Direct Consolidation Loan
· Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
· Deferment and forbearance options
· Repayment period based on the total amount of the Consolidation Loan and the unpaid balance on other student loans

(e) **Federal Perkins Loan Program**
· Fixed interest rate of 5%
· 9-month grace period following at least half-time enrollment
· Deferment and forbearance options, with a 6-month grace period following deferment
· Interest does not accrue during in-school, grace, and deferment periods
· 10-year repayment plan
· Origination fees do not apply

11. **Notice to Borrowers Regarding Loan Sales and Availability of Borrower Benefits**

I understand that my student loans may be sold while the loans are outstanding. I further understand that you have an agreement to sell to an affiliate of Sallie Mae, Inc. no less than 80% of the volume of private student loans that you make that are originated and disbursed through Sallie Mae, Inc., and that as a result, my loan may be included in the loans that are sold to that entity. Any such sale will not result in any change to the loan terms or the loss of any advertised borrower benefits, which will continue subject to their original terms and conditions. However, student loan terms and advertised borrower benefits may change if I choose to consolidate my loans.

**O.   WHEN BOUND; RIGHTS TO CANCEL**

1. **When Bound** - I understand that when you accept the attached application, you are not agreeing to lend me money and I am not bound by these credit terms, and there will be no such agreement

Copyright © 2000-2009 Sallie Mae 3SCLO902

until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 2 of this section has expired.

2. **My Right to Cancel this Note** - Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will call you at 1-888-2SALLIE within 10 business days of the date of the Disclosure and I will not cash any loan checks, or if funds are transmitted electronically or by master check, I will instruct the School, within 10 business days of the date of the Disclosure, to return the funds to you.

3. **Your Right to Cancel this Note** - I agree that you may cancel this Note and all disbursements without advance notice to me if the Disclosure is returned as undeliverable, for any reason, or if, in your sole discretion, whether based on information provided by the School or otherwise, you reasonably conclude that the student borrower will not attend the School or that the proceeds of the loan are no longer needed to meet the education costs of the student borrower at the School.

4. **Your Right to Cancel Future Disbursements** - You also have the right to cancel any future disbursement, without advance notice to me, if:
   (a) **the student borrower ceases to be enrolled at least half time, if required, or to meet the restrictions for less than half-time enrollment, if applicable;**
   (b) **an event occurs as described in Section K;**
   (c) **the student borrower or any cosigner notifies you that he or she has arranged for other financing for the education costs to be paid for by this loan or that he or she no longer wants to repay the amount not yet disbursed;**
   (d) **the classes in which the student borrower has enrolled have been cancelled or delayed; or**
   (e) **the School ceases to be eligible to participate in the Sallie Mae Smart Option Student Loan Program.**

**P.   ADDITIONAL AGREEMENTS**

1. Use of Loan Proceeds; Acceptance of Borrower or Cosigner; Amount Lent – The proceeds of this loan will be used to pay educational expenses at the School, including living expenses. You have the right to accept or reject any Cosigner(s) or my application and/or to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance or balance due or if you have reason to believe that that the cost of attendance is less than the amount certified by the school.

2. Rights of Assignee of Lender - You have the right to assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. Governing Law - **I understand that the Lender is located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.**

4. Late Payments, Partial Payments and Payments in Full: Waivers – Without losing any of your rights under this Note, you may accept late payments, or, as permitted by law, partial payments, even if marked "payment in full", "without recourse: or similar language. **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send the payment to P.O. Box 3800, Wilkes Barre, PA 18773-3800 with a letter of explanation.** You may delay exercising, fail to exercise, or waive any of your rights on any future occasion without losing your entitlement to exercise any right at any future time or on any future occasion. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to any and all extensions, renewals, or releases of any person liable on this loan or any other loans I have outstanding with you, or any waiver or modification that may be granted by you, all without affecting or releasing any other person liable on this loan.

5. Conflict Between Disclosure and Note - I understand and agree that if the information in my Disclosure conflicts with the information in this Note, the information in my Disclosure shall apply with respect to items required to be disclosed under federal law.

6. Failure to Receive Coupon Book or Statement - My failure to receive a coupon book or statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

7. Waivers by Borrower and Cosigner; Consents; Responsibility for Repayment - I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note. I consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

8. Severability - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

9. Modification - Any provision of this Note may be modified if jointly agreed upon in writing by you and the borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

10. Communications Under Federal Bankruptcy Code – Any communication with you required or permitted under the Federal Bankruptcy Code must be in writing, must include my account number, and must be sent to Sallie Mae, P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

11. Receipt of Copy of Note - I acknowledge that I have received a true and exact copy of this Note.

12. Assignments; Estate Bound - I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

13. Waivers by You - By accepting past due payments you do not waive or affect any right to accelerate this Note. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

14. United States Dollars – All dollar amounts stated in this Note are in United States dollars. I will make all payments in United States dollars with no deduction for currency exchange.

15. Failure to Attend or Dissatisfaction with Education Program – Except as otherwise provided herein, if the Student does not attend or is dissatisfied with the education program paid for with this loan, the Borrower and Cosigner(s) are not relieved of any obligation within or pursuant to this Note.

16. Suretyship - I hereby waive all my defenses to this Note based on suretyship.

17. Communicating with Me - **To the extent permitted by applicable law, and without limiting any other rights you may have, I consent to your communicating with me, in connection with the application or my loan, using any phone number or email address that I provide in the application, or using any phone number or email address that I provide in the future. You may communicate with me using any current or future means of communication, including, but not limited to, automated telephone dialing equipment, artificial or pre-recorded voice messages, SMS text messages, email directed to me at a mobile telephone service, or email otherwise directed to me. YOU MAY USE SUCH MEANS OF COMMUNICATION EVEN IF I WILL INCUR COSTS TO RECEIVE SUCH PHONE MESSAGES, TEXT MESSAGES, OR EMAILS.**

18. Limits on Interest, Fees, Charges, or Costs - If a law which applies to this loan and which sets maximum limits on interest, fees, charges, or costs is finally interpreted so that the interest, fees, charges, or costs collected or to be collected in connection with this loan exceed permitted limits, then:

Copyright © 2000-2009 Sallie Mae 3SCLO902

(a) Any such interest, fees, charges, or costs shall be reduced by the amount necessary to comply with the permitted limits; and

(b) Any sums already collected from me which exceed permitted limits will be refunded to me. You may choose to make this refund by reducing the amounts I owe under this Note.

## Q.  CERTIFICATIONS, AUTHORIZATIONS AND CONSENT TO INFORMATION SHARING

1. Certification - I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. If this loan is being obtained through the Financial Aid Office of the School, then I also certify that a Financial Aid Officer at the School made all disclosures to the student borrower, regarding the available financing options under Title IV of the Federal Higher Education Act, that are required by applicable law. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School, and if the School is closed, any third party, such as a custodian, receiver, bankruptcy trustee, trustee for a performance bond or a tuition recovery fund, to pay to you any refund that may be due me up to the amount of this loan. I authorize you to credit such refunds to the amount due on my loan without advancing the payment due date(s) on my loan. I understand that I must immediately repay any funds that cannot reasonably be attributed to meeting the educational expenses of the student borrower related to attendance at the School and I hereby authorize the School at its discretion to refund any portion of my loan that exceeds direct institutional charges. At your option, and in accordance with the disbursement schedule established by you and the School, I authorize you to transmit funds directly to the School on my behalf. You may transmit such funds electronically, by a master check payable to the School where my funds are grouped together with other student borrower funds, by a check jointly payable to me and the School, or by a check made payable to the Borrower. Once the funds have been received, whether by electronic transmission or by proper endorsement and payment of any master check, joint check, or individual check, I authorize the School to transfer the funds to my account at the School. I understand that, except as otherwise provided herein, neither the student borrower's failure to complete the educational program that he or she has undertaken, nor the student borrower's dissatisfaction with the educational program that he or she has undertaken, relieves me of any obligation under this Note.

2. Authorization - **I authorize the School and any custodian of the School's records to release to you, the U.S. Department of Education, the guarantor, if any, or their agents, any requested information pertinent to this loan (***e.g.***, employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to check my credit and employment history, and to request and receive from others credit-related information about me, for this loan, for any future loans that may be offered to me, for any updates, renewals or extensions of this loan or any future loans that may be offered to me, for any hardship forbearance of this loan or any future loans that may be requested by me, and for any review or collection of this loan or any future loans that may be offered to me. I also authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to answer questions about your and their credit experience with me, and to release the results of the credit review process to the School or its agents. I further authorize you to release any other information on this loan to the School or its agents, to other schools I have attended for which I have taken out a student loan or their agents, to any subsequent holder of this Note, or its agents, and to the guarantor or its agents, if any. Finally, to the extent permitted by applicable law, I authorize you and your affiliates to share credit and other information about me, as well as copies of the application, this Note, and the Disclosure, with each other, consumer reporting agencies, and other third parties. I understand that I will receive a privacy policy and, when required, an affiliate-sharing policy, that will advise me of my rights under applicable law.**

3. Borrower and Cosigner Consent to Information Sharing - **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. What I Have Read - I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, and the terms of this Note, including this Section Q.

## R.  CORRECTION OF ERRORS

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note, Disclosure, any Notice to Cosigner, and any Notice to Married Wisconsin Residents. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## S.  COSIGNER/BORROWER RELEASE

1. Release of Cosigner Applicant - I agree that, if any cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the borrower and/or any other cosigner applicant, then you may release said cosigner applicant from the application and from any liability hereunder, but this Note will still bind the borrower and any remaining cosigner.

2. Release of Borrower - As cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

## T.  ARBITRATION AGREEMENT

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Sallie Mae Smart Option Student Loan Promissory Note **("Note")**.

1. **RIGHT TO REJECT: I may reject this Arbitration Agreement by mailing a signed rejection notice to P.O. Box 9480 Wilkes-Barre, PA 18773-9480 within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number.**

2. **IMPORTANT WAIVERS: If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; (3) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (4) JOIN OR CONSOLIDATE CLAIM(S) WITH CLAIMS INVOLVING ANY OTHER PERSON IN COURT OR IN ARBITRATION. Other rights are more limited in arbitration than in court or are not available in arbitration. The waivers in subsections (2)-(4) above are called the "Class Action and Multi-Party Waivers." The arbitrator shall have no authority to conduct any arbitration inconsistent with the Class Action and Multi-Party Waivers.**

3. **DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:

   **"I," "me"** and **"my"** mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. **"You," "your"** and **"yours"** mean the Lender; any other subsequent holder of this note; Sallie Mae, Inc.; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors, employees, agents and representatives thereof. These terms also include any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. **"Claimant"** means the party who first asserts a Claim in a lawsuit or arbitration

Copyright © 2000-2009 Sallie Mae 3SCL0902

proceeding. **"Administrator"** means, as applicable, the **American Arbitration Association**, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the **National Arbitration Forum**, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement. The National Arbitration Forum will be the Administrator unless: (a) you and I agree otherwise; (b) I am the Claimant and I initiate an arbitration before the American Arbitration Association; or (c) I assert a Claim in court, you elect to arbitrate the Claim and I give you written notice that I am selecting the American Arbitration Association as Administrator within 20 days thereafter (or, if I dispute your right to require arbitration of my Claim, I select the American Arbitration Association as Administrator within 20 days after that dispute is finally resolved).

4. **"CLAIM"** means any legal claim, dispute or controversy between you and me that arises from or relates in any way to this Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note; (4) any insurance or other service or product offered or made available by or through you in connection with this Note, and any associated fees or charges; (5) your methods of soliciting my business; and (6) any documents, instruments, advertising or promotional materials that contain information about this Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negligence or other torts, or violation of statute, regulation or common law. It includes disputes involving requests for injunctions, other equitable relief or declaratory relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **Also, "Claim" does not include any challenge to the validity and effect of the Class Action and Multi-Party Waivers, which must be decided by a court.**

If there is an arbitration agreement in place (a "Prior Arbitration Agreement") governing a prior promissory note to you (a "Prior Note"), "Claim" also includes all disputes relating to the Prior Note. If I do not reject this Arbitration Agreement, any such Claim will be governed by this Arbitration Agreement rather than the Prior Arbitration Agreement. If I reject this Arbitration Agreement, the Claim will be governed by the Prior Arbitration Agreement, provided that, if I never had the chance to reject the Prior Arbitration Agreement and no demand for arbitration has been previously made, my rejection of this Arbitration Agreement will also serve as my rejection of the Prior Arbitration Agreement.

5. **STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge, unless you and I agree otherwise.

6. **LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request to bear the fees charged by the Administrator and the arbitrator. Each party must normally pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration. Despite the foregoing, you will pay all such fees if I prevail in an arbitration where I am the Claimant (even if you are not required to pay such fees under applicable law) and will pay all such fees you are required to bear: (a) under applicable law; or (b) in order to enforce this Arbitration Agreement.

7. **DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under

the Administrator's rules or any relevant information the arbitrator determines should in fairness be made available.

8. **EFFECT OF ARBITRATION AWARD:** Any state or federal court with jurisdiction and venue may enter an order enforcing this Arbitration Agreement, enter judgment upon the arbitrator's award and/or take any action authorized under the Federal Arbitration Act, 9 U.S.C. §§1 *et seq.* (the "FAA"). For any arbitration-related proceedings in which courts are authorized to take actions under the FAA, each party hereto expressly consents to the non-exclusive jurisdiction and venue of any state court of general jurisdiction or any state court of equity that is reasonably convenient to me, ***provided*** that the parties to any such judicial proceeding shall have the right to initiate such proceeding in federal court or remove the proceeding to federal court if authorized to do so by applicable federal law. The arbitrator's award will be final and binding, except for: (1) any appeal right under the FAA; and (2) Claims involving more than $50,000. For Claims involving more than $50,000 (including claims where the cost of any requested injunctive or declaratory relief would potentially exceed $50,000), any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider *de novo* any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided in paragraph 6 above, the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

9. **GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Agreement and the Administrator's rules.

10. **SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any Forbearance or Modification granted pursuant to the Note; any cancellation, or request for cancellation, of the Note or of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of this Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement (other than this sentence) shall be null and void with respect to any Claim asserted on a class, representative or multi-party basis if the Class Action and Multi-Party Waivers are held to be invalid, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern.

11. **NOTICE OF CLAIM; RIGHT TO RESOLVE; SPECIAL PAYMENT:** Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding any Claim, the Claimant shall give the other party written notice of the Claim (a "Claim Notice") and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any Claim Notice I send must include my name, address, telephone number and loan or account number. Any Claim Notice must explain the nature of the Claim and the relief that is demanded. I may only submit a Claim Notice on my own behalf and not on behalf of any other party. The Claimant must reasonably cooperate in providing any information about the Claim that the other party reasonably requests. If: (i) I submit a Claim Notice in accordance with this paragraph on my own behalf (and not on behalf of any other party); (ii) you refuse to provide the relief I request; and (iii) an arbitrator subsequently determines that I was entitled to such relief (or greater relief), the arbitrator shall award me at least $5,100 (not including any arbitration fees and attorneys' fees and costs to which I may be entitled under this Arbitration Agreement or applicable law).

Copyright © 2000-2009 Sallie Mae 3SCL0902

# NOTICE TO COSIGNER

## SUPPLEMENT TO APPLICATION AND PROMISSORY NOTE
## for IOWA, NEW YORK, SOUTH CAROLINA RESIDENTS

You agree to pay the debt identified below, although you may not personally receive any property, services, or money. You may be sued for payment, although the person who receives the property, services or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the note. You will also have to pay some or all of these costs and charges, if the note you are guaranteeing requires the borrower to pay such costs and charges and if permitted by applicable law. You will receive a disclosure of the Total of Payments when the loan is disbursed. If this debt is ever in default, that fact may become a part of *your* credit record.

**This notice is not the note that obligates you to pay the debt.**
Read the Promissory Note for the exact terms of your obligation.

### IDENTIFICATION OF DEBT YOU MAY HAVE TO PAY

SANDY                        DEJOIE                              ██████████
(Name of Borrower)                                    (Social Security Number of Borrower)

SALLIE MAE
(Name of Lender)

SMART OPTION STUDENT LOAN                    $ _____ **Will be disclosed to you**
(Name of Loan Program)                                (Total of Payments)

I have kept a completed copy of this notice and the Promissory Note that obligates me and the Borrower on this debt.

RAYMOND        WINN              07/12/2009
Signature of Cosigner            Date
D24-88A8E21E9202712BCF5A1B5804E3F323

RAYMOND              WINN
Printed Name of Cosigner

Cosigner: Please sign, date, and return an original of this notice to:

**Sallie Mae · P.O. Box 9435 · Wilkes-Barre, PA 18773-9435**



